GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
Blanca.Young@mto.com
SETH GOLDMAN (SBN 223428)
Seth.Goldman@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Creditors
WARNER BROS. RECORDS INC.,
ATLANTIC RECORDING CORPORATION, ELEKTRA
ENTERTAINMENT GROUP INC., and RHINO
ENTERTAINMENT COMPANY

Additional counsel and parties on signature page

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SEEQPOD, INC.,<br><br>Debtor. | Case No. 5:09-52226-RLE<br>Adv. No. 09-05095<br><br>Chapter 11<br><br>Honorable Roger L. Efremsky<br><br>**MOTION TO COMPEL EXAMINATION UNDER BANKRUPTCY RULE 2004**<br><br>Date:       March 24, 2010<br>Time:       11:30 a.m.<br>Ctrm:       3099<br>               280 South First Street<br>               San Jose, CA 95113 |

Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group
Inc., Rhino Entertainment Company (collectively, "WMG") and Capitol Records, LLC, Caroline
Records, Inc., Virgin Records America, Inc., Colgems-EMI Music Inc., EMI April Music Inc.,
EMI Blackwood Music, EMI Feist Catalog Inc., EMI Full Keel Music, EMI Golden Torch Music
Corp., EMI Gold Horizon Music Corp., EMI Grove Park Music, Inc., EMI Longitude Music,

Case: 09-52226    Doc# 81    Filed: 03/11/10    Entered: 03/11/10 16:26:43    Page 1 of 9

EMI Miller Catalog Inc., EMI Robbins Catalog Inc., EMI U Catalog, Inc., EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Waterford Music, Inc., Jobete Music Co. Inc., Screen Gems-EMI Music Inc., and Stone Diamond Music (collectively, "EMI") hereby move the Court for an order compelling Mr. Kasian Franks to comply with the previously issued order and subpoena directing the examination of Mr. Franks under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Order").  This motion is made pursuant to Local Bankruptcy Rule 2004-1(b), and Civil Local Rules 37-1 and 37-2 as incorporated by Local Bankruptcy Rules 1001-2(a)(48) and (49).

Movants have been attempting to take the 2004 examination of Kasian Franks, a principal of the debtor, since August of last year, but have been unable to do so.  Despite numerous efforts to meet and confer in good faith with Mr. Franks and his counsel, Movants have been unable to even set dates for the production of documents or the deposition of Mr. Franks.  Movants believe that further efforts would be equally fruitless and therefore move this Court for an order:

(1)     Compelling Kasian Franks to produce the documents requested in the 2004 Order on or before 5:00 p.m. (prevailing Pacific Time) on March 29, 2010 at the offices of Munger, Tolles & Olson, LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907.

(2)     Compelling Kasian Franks to submit to a deposition on April 12, 2010 at the offices of Munger, Tolles & Olson, LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907, commencing at 9:00 a.m.

Dated:  March 11, 2010                 Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
GLENN D. POMERANTZ
KELLY M. KLAUS
BLANCA F. YOUNG
SETH GOLDMAN

By:_____/s/ Seth Goldman_____
            SETH GOLDMAN

Attorneys for WMG

*[Signatures Continued on Next Page]*

- 2 -

Case: 09-52226     Doc# 81     Filed: 03/11/10     Entered: 03/11/10 16:26:43     Page 2 of 9

PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806
    DONALD S. ZAKARIN
    dzakarin@pryorcashman.com
    RICHARD LEVY, JR.
    rlevy@pryorcashman.com
    FRANK P. SCIBILIA
    fscibilia@pryorcashman.com
    *(All admitted pro hac vice)*


By: */s/ Frank P. Scibilia*
     Frank P. Scibilia

Attorneys for EMI

MOTION TO COMPEL 2004
EXAMINATION

## I. __INTRODUCTION__

When this Court ordered the 2004 examination of Franks, Your Honor invited Movants to seek the Court's assistance if Franks failed to cooperate.  (Tr. of June 24, 2009 status conference, attached as Ex. A to Decl. of Blanca Young.)  Unfortunately, Movants have no choice but to do just that.  Despite multiple attempts by Movants, Franks has repeatedly refused even to engage in a conversation about scheduling his examination.  Moreover, recent events have made it all the more important to secure Franks' examination.  Once again, Franks has been quoted in the press, this time touting a new internet music/video venture that apparently uses the same technology as SeeqPod.  As creditors of the estate, Movants are entitled to discover whether Franks is improperly using assets that belong to the estate to perpetuate further infringement of Movants' intellectual property rights.  Such a misuse of estate assets may violate the automatic stay, run afoul of the temporary restraining order that precludes SeeqPod from distributing its technology, or reflect a fraudulent transfer, and may make it more difficult for the Trustee to realize value for the estate.

The Court should put an end to Franks' game-playing by compelling him to appear for his examination and produce documents pursuant to the subpoena issued by Movants.  It is obvious that absent a court order Franks has no intention of complying with the subpoena.

## II. __RELEVANT FACTS__

As the Court is aware, Kasian Franks is the founder and former Chief Executive Officer of the debtor SeeqPod.  Before the conversion of the case from chapter 11 to chapter 7, Franks had been designated as the Responsible Individual for the debtor.  Upon the conversion, Franks was supposed to transfer all estate assets to the appointed chapter 7 trustee and to cede all control over SeeqPod to the trustee.

Nevertheless, as set forth in Movants' motion for examination of Kasian Franks under Rule 2004 (Docket No. 66), various news reports and information provided by the chapter 7 trustee and his counsel indicated that assets may have been fraudulently transferred out of

Case: 09-52226    Doc# 81    Filed: 03/11/10    Entered: 03/11/10 16:26:43    Page 4 of 9

SeeqPod and that Franks was still heavily involved in SeeqPod's affairs. These reports and information also insinuated that Franks not only has possession of SeeqPod's assets but that he was poised to sell or otherwise use those assets for his own personal gain without oversight from this Court or by the trustee.

At the Court's suggestion, Movants applied for an order requiring Franks to produce documents and to appear for examination pursuant to Bankruptcy Rule 2004. The Court granted that motion on July 17, 2009 (Docket No. 68). Movants issued a subpoena pursuant to that order that was served on Franks on July 24, 2009 (Docket No. 72). The subpoena required the production of documents by August 3, 2009 and a deposition on August 23, 2009. Although no motion to quash was filed and no responses or objections were served, Mr. Franks did not produce documents by August 3, 2009.

Movants subsequently met and conferred in good faith with Mr. Greg Charles of Campeau Goodsell Smith, counsel to Mr. Franks, numerous times but those efforts have not resulted in compliance by Mr. Franks. Initially, Movants postponed the date for Mr. Franks' examination until September 3, 2009 to accommodate his counsel's vacation schedule, and then had to postpone it further because Mr. Franks failed to produce documents needed to prepare for his examination. By September 1, 2009, Mr. Franks had not produced any documents. Accordingly, Movants sent a letter to Mr. Charles dated September 1, 2009 advising that they would have to postpone the deposition so that they could have time to review any relevant documents. In that letter, Movants asked Mr. Charles to provide new dates for the production of documents and Mr. Franks' examination. (See Ex. B to of Young Decl.) To accommodate confidentiality concerns raised by Mr. Charles, Movants sought and obtained a stipulated order making the 2004 examination subject to the protective order in place in Adversary Proceeding No. 09-05095. (Docket No. 74.) Furthermore, without waiving the argument that the deadline to move to quash the subpoena had passed, Movants asked Mr. Charles to provide a letter describing any concerns with the scope of the 2004 examination. Notwithstanding these accommodations, no documents were produced, no dates were proposed for production or a deposition, no response or objection was served to the subpoena, and no letter was provided raising any such objections or concerns.

1    Movants recently renewed their efforts to meet and confer with Mr. Charles when news

2    articles surfaced in February of 2010 reporting that Franks intends to launch a new internet music

3    venture called "Mimvi" that apparently relies on the same technology that SeeqPod used. (See

4    Ex. C to of Young Decl.) Franks' apparent plan to use core technology owned by the estate to

5    perpetuate further infringements of Movants' intellectual property rights would violate the

6    automatic stay, interfere with the chapter 7 trustee's administration of the estate, and make a sham

7    out of the bankruptcy process. Franks' possession of this technology may also be the result of

8    fraudulent transfer, or a postpetition transfer in violation of 11 U.S.C. § 549 and the stipulated

9    order in this adversary proceeding (entered on April 13, 2009, Docket No. 36) that prohibits the

10   distribution of SeeqPod's search technology. Furthermore, Franks' conduct may adversely affect

11   the prospect of, or the value that may be realized from, a sale of SeeqPod's assets by the

12   bankruptcy estate.

13        To address these concerns, Movants renewed their efforts to obtain Mr. Franks'

14   compliance with the subpoena. Movants wrote to Mr. Charles by letter dated February 15, 2010

15   requesting Mr. Franks' compliance with the 2004 subpoena and emphasizing that Movants would

16   bring any continued non-compliance to the Court's attention.. (See Ex. D to Young Decl.) Mr.

17   Charles conferred with counsel to WMG on February 19, 2010 and stated that he had requested

18   dates from Mr. Franks for a deposition and document productions, but had not received those

19   dates from Mr. Franks. Having not received further information from Mr. Charles, Movants

20   again wrote to him on March 3, 2010 to ask for dates and to inform him that Movants' intended to

21   move to compel if Mr. Franks continued to be non-responsive. (See Ex. E to Young Decl.) As of

22   the filing of this Motion, no response has been provided and no dates have been proposed for

23   productions or a deposition.

24   **III.    COMPLIANCE WITH THE 2004 ORDER IS NECESSARY AND APPROPRIATE**

25        Movants, as creditors of the estate and intellectual property owners, continue to be gravely

26   concerned about the apparent misuse, and contemplated misuse, of estate property by Franks and

27   others to the detriment of creditors of the Debtor. In light of recent events and Mr. Franks' utter

28   lack of compliance with the 2004 Order, Movants respectfully request the Court's intervention to

Case: 09-52226    Doc# 81    Filed: 03/11/10    Entered: 03/11/10 16:26:43    Page 6 of 9

1  compel Mr. Franks to comply with the 2004 Order.

2      Local Bankruptcy Rule 2004-1(b) provides that any disputes with respect to orders

3  granting applications for examinations under Rule 2004 "shall be treated as a discovery

4  dispute . . . "  Accordingly, the local bankruptcy rules incorporating Civil Local Rules 37-1 and

5  37-2 apply to efforts to compel compliance with the 2004 Order.  Those rules require that counsel

6  confer in good faith to resolve any dispute before seeking court intervention, and to detail the

7  objections and responses to discovery requests and the basis for the moving party's entitlement to

8  the requested discovery.  Civil L.R. 37-1, 37-2.  Movants easily satisfy these requirements.

9      First, Movants have conferred in good faith, but without success, to obtain Franks'

10  cooperation.  Movants have provided Franks more than an adequate number of chances, and each

11  time Franks has demonstrated his steadfast refusal to comply with the subpoena and this Court's

12  order.  In August 2009, Franks disregarded completely the subpoena issued pursuant to the

13  Court's order.  Then, in September 2009, Movants conferred with his counsel and gave Franks a

14  second opportunity to respond.  Again, Franks disregarded the subpoena and this Court's order.

15  Finally, in February 2010, Movants gave Franks a third chance to cooperate, and for the third

16  time he flouted the subpoena and this Court's order.  In sum, Franks has knowingly and

17  intentionally ignored this Court's order on numerous occasions and made clear that he will not

18  comply without further Court order.

19      Second, Movants' entitlement to examine Franks is beyond rational dispute.  In the first

20  place, Franks has not moved to quash the subpoena or otherwise object to it.  Movants'

21  entitlement is therefore not disputed by Franks.  Moreover, the reasons that gave rise to the

22  Court's suggestion, and Movants' request, to examine Franks are as compelling today as they

23  were in July 2009, if not more so.  The estate has not sold its assets yet, Franks continues to act

24  publicly like he possesses SeeqPod technology, and serious concerns persist that Franks has

25  obtained that technology in violation of fraudulent transfer law or the orders of this Court.  The

26  recent reports of a copy-cat venture only further heighten these concerns.  Examining Franks on

27  his dealings with SeeqPod and the potential misuse of its assets are core and routine areas of

28  examination under Rule 2004 as they relate directly to the administration of the bankruptcy estate

MOTION TO COMPEL 2004
EXAMINATION

Case: 09-52226   Doc# 81   Filed: 03/11/10   Entered: 03/11/10 16:26:43   Page 7 of 9

and maximizing creditor recoveries. It would therefore benefit the estate, as well as vindicate this Court's authority, for the Court to compel Franks' compliance with the 2004 Order.

Movants submit that based on this record, they easily satisfy the requirements to bring a motion to compel and respectfully submit that it is appropriate and necessary for the Court to intervene and compel compliance with the 2004 Order.

## RESERVATION OF RIGHTS

Movants reserve the right to move for sanctions against Mr. Franks (or his counsel) and to further move to compel compliance with the 2004 Order as necessary.

## NOTICE

Movants are serving this motion on Mr. Greg Charles, counsel for Mr. Franks, the chapter 7 trustee, and counsel to the chapter 7 trustee. As a precaution, Movants are also serving Mr. Franks at his last known address in case Mr. Charles no longer represents Mr. Franks.

## CONCLUSION

For the reasons set forth above, WMG and EMI respectfully request entry of an order, (1) compelling Kasian Franks to comply with the previously issued subpoena and produce the documents requested therein on or before 5:00 p.m. (prevailing Pacific Time) on March 29, 2010 at the offices of Munger, Tolles & Olson, LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907; and (2) compelling Kasian Franks to be deposed on April 2, 2010 at the offices of Munger, Tolles & Olson, LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907, beginning at 9:00 a.m.

Dated: March 11, 2010

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
GLENN D. POMERANTZ
KELLY M. KLAUS
BLANCA F. YOUNG
SETH GOLDMAN

By: /s/ Seth Goldman
SETH GOLDMAN

Attorneys for WMG

- 5 -

MOTION TO COMPEL 2004
EXAMINATION

1

PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
    DONALD S. ZAKARIN
    dzakarin@pryorcashman.com
    RICHARD LEVY, JR.
    rlevy@pryorcashman.com
    FRANK P. SCIBILIA
    fscibilia@pryorcashman.com
    *(All admitted pro hac vice)*

By: */s/ Frank P. Scibilia*
        Frank P. Scibilia


Attorneys for EMI

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28