GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
Blanca.Young@mto.com
SETH GOLDMAN (SBN 223428)
Seth.Goldman@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Creditors
WARNER BROS. RECORDS INC., ATLANTIC
RECORDING CORPORATION, ELEKTRA
ENTERTAINMENT GROUP INC., and RHINO
ENTERTAINMENT COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SEEQPOD, INC.,<br><br>Debtor. | Case No. 5:09-52226-RLE<br><br>Chapter 7<br><br>Honorable Roger L. Efremsky<br><br>**DECLARATION OF BLANCA F. YOUNG IN SUPPORT OF CORRECTED MOTION TO COMPEL EXAMINATION UNDER BANKRUPTCY RULE 2004**<br><br>Date: March 24, 2010<br>Time: 11:30 a.m.<br>Ctrm: 3099<br>280 South First Street<br>San Jose, CA 95113 |

YOUNG DECL. ISO CORRECTED MOTION
TO COMPEL 2004 EXAMINATION

I, Blanca F. Young, declare:

1.  I am a partner in the law firm of Munger, Tolles & Olson LLP ("MTO"), and am counsel for Warner Bros. Records, Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., and Rhino Entertainment Company (collectively "WMG"). I submit this declaration in support of the Corrected Motion to Compel Examination Under Bankruptcy Rule 2004 filed contemporaneously herewith by WMG (the "Motion"). The matters set forth herein are based on my own personal knowledge, except where otherwise stated, and in those instances the matters set forth herein are based on my information and belief. If called as a witness, I could and would testify competently to the matters set forth herein.

2.  On July 17, 2009, the Court granted the Motion for Order Directing Production of Documents and Examination Under Bankruptcy Rule 2004 (Docket No. 68) filed by WMG and CAPITOL RECORDS, LLC, CAROLINE RECORDS, INC., VIRGIN RECORDS AMERICA, INC., COLGEMS-EMI MUSIC INC., EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC, EMI FEIST CATALOG INC., EMI FULL KEEL MUSIC, EMI GOLDEN TORCH MUSIC CORP., EMI GOLD HORIZON MUSIC CORP., EMI GROVE PARK MUSIC, INC., EMI LONGITUDE MUSIC, EMI MILLER CATALOG INC., EMI ROBBINS CATALOG INC., EMI U CATALOG, INC., EMI VIRGIN MUSIC, INC., EMI VIRGIN SONGS, INC., EMI WATERFORD MUSIC, INC., JOBETE MUSIC CO. INC., SCREEN GEMS-EMI MUSIC INC., AND STONE DIAMOND MUSIC ("EMI"). WMG and EMI filed the Rule 2004 motion to examine Kasian Franks at the Court's suggestion, which was made at the June 24, 2009 status conference. At that same conference, the Court offered its assistance if Franks failed to cooperate. The relevant portion of the transcript is attached hereto as <u>Exhibit A</u>.

3.  WMG issued a subpoena pursuant to the Court's order granting the Rule 2004 examination of Franks and served Franks on July 24, 2009 (Docket No. 72). The subpoena required the production of documents by August 3, 2009 and an examination on August 23, 2009.

4.  We postponed the date for Mr. Franks' examination until September 3, 2009 to accommodate his counsel's vacation schedule, and then had to postpone it further because Mr. Franks failed to produce documents needed to prepare for his examination. To this date, Mr.

Franks has failed to produce any documents in response to the subpoena, and has failed to provide a date when he will appear for his examination.

5. Mr. Franks has not moved to quash the subpoena, nor has he served any responses or objections thereto. Additionally, though we invited him to do so, Mr. Franks has not identified any concerns in writing about the scope of his examination.

6. WMG and EMI have attempted on multiple occasions to obtain Franks' cooperation without seeking the Court's intervention. These efforts to meet and confer in good faith with Mr. Greg Charles of Campeau Goodsell Smith, counsel to Mr. Franks, have not resulted in compliance by Mr. Franks.

7. As noted above, we agreed to postpone the date initially set for Mr. Franks' examination, August 23, 2009, until September 3, 2009 to accommodate Mr. Charles' vacation schedule. By September 1, 2009, we had not received documents from Mr. Franks. Accordingly, I sent a letter to Mr. Charles dated September 1, 2009 advising that we would have to postpone the deposition so that we could have time to review any relevant documents. In that letter, I asked Mr. Charles to provide new dates for the production of documents and Mr. Franks' examination. The letter also invited Mr. Charles to provide a letter outlining any concerns about the scope of a 2004 examination of Mr. Franks. A true and correct copy of my September 1, 2009 letter to Mr. Charles (without enclosures) is attached hereto as Exhibit B.

8. To accommodate confidentiality concerns raised by Mr. Charles, WMG and EMI sought and obtained a stipulated order making the 2004 examination subject to the protective order in place in Adversary Proceeding No. 09-05095. (Docket No. 74.)

9. Notwithstanding these accommodations, no documents were produced, no dates were proposed for production or a deposition, no response or objection was served to the subpoena, and no letter was provided raising any such objections or concerns.

10. WMG and EMI recently renewed their efforts to secure Mr. Franks' 2004 examination when news articles surfaced in February of 2010 reporting that Franks intends to launch a new internet music venture called "Mimvi" that apparently relies on the same technology that SeeqPod used. A true and correct copy of an article published on

11. *www.wired.com* is attached hereto as <u>Exhibit C</u> as an example. This article heightened the prior concerns of WMG and EMI that Franks possessed and would misuse estate assets, which had led to the request to examine Franks.

12. To address these concerns, I wrote to Mr. Charles by letter dated February 15, 2010 requesting Mr. Franks' compliance with the 2004 subpoena and emphasizing that we would bring any continued non-compliance to the Court's attention. A true and correct copy of that letter is attached hereto as <u>Exhibit D</u>. On February 19, 2010, Mr. Charles informed me by phone that he had requested dates from Mr. Franks for an examination and document production, but had not received those dates from his client.

13. Having not received further information from Mr. Charles, I wrote to him by email on March 3, 2010 to again ask for dates, and to inform him that WMG and EMI intended to move to compel compliance if Mr. Franks continued to be non-responsive. A true and correct copy of my March 3, 2010 correspondence with Mr. Charles is attached hereto as <u>Exhibit E</u>. As of the filing of the Motion, no response has been provided and no dates have been proposed for productions or a deposition.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 11th day of March 2010, in San Francisco, California.

/s/ *Blanca F. Young*
Blanca F. Young