MUNGER, TOLLES & OLSON LLP

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2907

TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

355 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

June 22, 2010

WRITER'S DIRECT LINE
(415) 512-4019
(415) 644-6919 FAX
Blanca.Young@mto.com

VIA FEDEX

**FILED**

JUN 2 3 2010

CLERK
United States Bankruptcy Court
San Jose, California

Judge Roger L. Efremsky
United States Courthouse, Room 3035
280 South First Street
San Jose, CA 95113-3099

Re: In Re Debtor: Seeqpod, Inc.; Case No. 09-52226-RLE-7

Dear Judge Efremsky:

On behalf of the WMG and EMI plaintiffs, I write to seek your assistance in proceeding with the 2004 Examination of Kasian Franks in the above-referenced action. Regrettably, we have been unable to proceed with Mr. Franks' examination notwithstanding the Court's order compelling him to appear for his examination. We respectfully request a telephonic hearing with Your Honor tomorrow morning, June 23, 2010, or as soon thereafter as the Court is available.

As the Court may recall, we have been attempting to take Mr. Franks' 2004 examination in this case since June of last year. Mr. Franks is the former CEO of the debtor, SeeqPod, Inc., which operated an online music service that would make "playable search" results available for free to Internet users. SeePod's search engine provided links to MP3 files of copyrighted content owned by plaintiffs WMG and EMI, resulting in massive infringement of plaintiffs' copyrights. Through various press reports and communications with the Trustee, plaintiffs have reason to believe that Mr. Franks may have fraudulently transferred (or attempted to fraudulently transfer) assets away from the estate, including SeeqPod's domain name, customer lists, and technology that could be used to perpetuate infringement. As creditors of the

estate, WMG and EMI sought leave to examine Mr. Franks pursuant to Rule 2004. By order dated July 17, 2009 (Doc # 68), the Court ordered Mr. Franks to appear for his 2004 examination. After Mr. Franks failed to appear, WMG and EMI moved to compel his 2004 examination. On April 19, 2010 the Court granted the motion to compel and ordered Mr. Franks to appear for his examination on Monday, June 7, 2010. (See Doc. # 91, ¶ 3).

Mr. Franks did not appear for his examination on June 7, 2010 as ordered. On June 2, 2010, I sent Mr. Franks an email to remind him of the date and time for his examination. Despite the fact that the April 19, 2010 order had been served on Mr. Franks at the address he provided at the 341(a) meeting of creditors, Mr. Franks sent me an email the afternoon of Friday June 4, 2010—the last business day before the date scheduled for his examination—claiming he was unaware of the Court's order and accusing us of "tak[ing] advantage of the fact that I do not have counsel." In his email, Mr. Franks said that he "will appear" for his examination, and proposed dates for the examination, including June 22, 2010.

Pursuant to Mr. Franks' request (and under a reservation of rights to seek appropriate relief for his failure to comply with the Court's order) we agreed to postpone the examination until today, June 22, 2010. At 7:10 pm yesterday evening, Mr. Franks sent me an email advising that Greg Charles "has agreed" to represent him, and asking to "reschedule the deposition" because Mr. Charles "is unavailable on June 22nd." A copy of Mr. Franks' email (and other relevant correspondence) is enclosed. This morning, Mr. Franks left me a voicemail at 8:22 am—less than 40 minutes before his deposition was to begin—stating that he would be a "little late" for the "meeting today" and that "we should meet anyway, even though I'm going to have Greg Charles represent me at some point." I attempted to contact Mr. Charles last night and again early this morning to confirm whether he represents Mr. Franks. Mr. Charles responded this morning that "I have spoken to Mr. Franks regarding representation, but we have not finalized the details." When Mr. Franks arrived at my office, we went on the record for the sole purpose of clarifying the status of whether he was represented by counsel. Mr. Franks confirmed on the record that he is not currently represented by Mr. Charles, but he stated that it was his intent to have Mr. Charles represent him at his deposition. At that point, I adjourned the deposition to call the Court for assistance, but was told by the clerk that Your Honor was out of the office and could not provide guidance today.

We respectfully request the Court's guidance and assistance in proceeding with Mr. Franks' 2004 examination. Mr. Franks' request, at literally the eleventh hour, to have counsel represent him at his deposition is a transparent attempt to evade the examination that we have been trying to take since June of last year. Mr. Franks has been aware for weeks of the Court's order for his examination, and himself suggested June 22 as the date when he would appear. There is no reason why he could not have secured counsel in a timely way. His last-minute request to be represented by counsel has put us in an extremely untenable position. If we were to proceed with Mr. Franks' 2004 examination in the face of his clear statement that he is in the process of securing counsel to represent him at his examination, we would run the risk that he would cry foul and claim that we tried to take advantage of the fact that he is not represented.

But, waiting for Mr. Franks and Mr. Charles to "finalize the details" of Mr. Charles' representation could put off the examination indefinitely.

Accordingly, we ask for the Court's assistance in proceeding with the examination. We believe an appropriate course would be for the Court to identify a specific date this week when the examination will take place, and order that the examination will proceed on that date whether or not Mr. Franks is then represented by counsel, and whether or not his counsel appears at the deposition. I have a scheduling conflict on Friday, June 25 but could take Mr. Franks' deposition on any other day this week. Mr. Franks has advised that he is available any day this week.

Mr. Franks' abuse of the discovery process will be the subject of a motion for sanctions that we intend to file promptly. In the meantime, it is important that we be allowed to proceed with his examination, and we appreciate any assistance the Court can provide in that regard. We regret that we have been unable to resolve these issues without burdening the Court.

Sincerely,

Blanca Young

cc: Greg Charles (via email)
Kasian Franks (via email)

## Young, Blanca

| | |
|---|---|
| **From:** | Young, Blanca [Blanca.Young@mto.com] |
| **Sent:** | Friday, June 04, 2010 4:04 PM |
| **To:** | Kasian Franks |
| **Cc:** | Scibilia, Frank P. |
| **Subject:** | RE: Your deposition on Monday |
| **Attachments:** | See - #86 - Amended Certificate of Service re Motion to Compel Examination Under Bankruptcy Rule 200.PDF; See - #91 - Order Granting Motion To Compel.PDF; See - #84 - Notice of Hearing (Telephonic) on Corrected Motion to Compel Examination Under Bankruptc.PDF |

Mr. Franks,

A copy of the order that I attached to my email was served on you by mail, as was the motion to compel and notice about the date, time, and location where it would be heard. All of these things were also sent to Greg Charles, who had been ordered by the court to tell you that the court expected you to appear for your deposition. I have attached the certificate of service for the motion, as well as the order, reflecting that copies were mailed to your address at 1336 Arlington Boulevard, El Cerrito, CA 94530-2515. You testified under oath and on the record at the 341(a) meeting of creditors that this was your address. We had no further obligation to inform you about the motion to compel or the court's order. As for your suggestion that we should have contacted Mr. Charles to arrange a date for your deposition, I don't see how Mr. Charles could have been of assistance given that he is not your counsel. Once the court set a date for your deposition, and you were served with notice of that date, you had an obligation to appear on that date. I sent you an email only to ensure that I would not waste my time or the time of the court reporter and videographer if you did not show up.

I am available on June 22 and will plan to take your deposition on that date, starting at 9:00 am, at 560 Mission Street, 27th Floor, San Francisco, CA. Please produce any responsive documents as soon as possible.

Mr. Franks, the subpoena for your deposition has been outstanding since July of last year. We reserve our rights to seek appropriate relief for your failure to comply with the subpoena and the court's order.

Regards,

**Blanca F. Young | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4019 | Fax: 415.512.4077 | Blanca.Young@mto.com | www.mto.com

*** NOTICE ***

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Kasian Franks [mailto:kasian.franks@gmail.com]
**Sent:** Friday, June 04, 2010 2:13 PM
**To:** Young, Blanca
**Subject:** Re: Your deposition on Monday

Ms. Young:

I was quite surprised to see the court order that you emailed to me. I want to clearly state the facts as you have taken

advantage of the fact that I do not have counsel.

1. You did not serve me with the motion to take my deposition. Greg Charles was not acting as my counsel.

2. The court called Greg on the motion day, and Greg explained that he did not represent me.

3. I advised Greg that I would appear for a deposition.

4. Apparently the court held another hearing of the issue.

5. You did not tell me about this hearing either or send me a copy of the papers.

6. The order is dated April 19 but you did not send it to me until June 2.

Although you could have asked Greg to help schedule the deposition, you also have my email address and did not contact me. It seems pretty clear that you violated my rights by not telling me about the hearings or the order. That said I will appear and propose the following dates:

June 16th, 22nd or anytime during the week of the 28th starting Tuesday forward.

Thanks.

On Wed, Jun 2, 2010 at 11:50 AM, Young, Blanca <Blanca.Young@mto.com> wrote:

> Dear Mr. Franks,
>
> I am an attorney representing Warner Music Group in the SeeqPod bankruptcy and adversary proceeding. I am writing to remind you that your deposition is scheduled to take place at 9:00 a.m. on Monday, June 7th 2010, at the offices of Munger, Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco California, pursuant to the attached court order. We did not receive documents from you as ordered by the court. Please plan to bring any responsive documents with you to the deposition. I have attached the subpoena for your deposition and documents for your convenience.
>
> <<See - #91 - Order Granting Motion To Compel.PDF>> <<See - #068 - Order Granting 2004 Exam of K Franks.PDF>>
>
> Regards,
>
> **Blanca F. Young | Munger, Tolles & Olson LLP**
> 560 Mission Street | San Francisco, CA 94105
> Tel: 415.512.4019 | Fax: 415.512.4077 | Blanca.Young@mto.com | www.mto.com
>
> ***NOTICE***
>
> *This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

--
Kasian Franks
Founder, CEO/CVO Mimvi, Inc.
M1: 510 552 2811
M2: 510 332 4612

## Young, Blanca

**From:** Kasian Franks [kasian.franks@gmail.com]
**Sent:** Monday, June 21, 2010 7:10 PM
**To:** Young, Blanca
**Subject:** Re: June 22 deposition -- subpoena.

Blanca, Greg Charles has agreed to represent me. Can we reschedule the deposition? He's not available on June 22nd. Thanks.

On Tue, Jun 8, 2010 at 9:44 AM, Young, Blanca <Blanca.Young@mto.com> wrote:

> Mr. Franks,
>
> For the avoidance of doubt, attached is a new subpoena requiring your appearance for a deposition at our offices (560 Mission Street, 27th Floor, San Francisco CA) on June 22, 2010 at 9:00. The subpoena requires you to produce documents by June 16. This subpoena was served yesterday by mail.
>
> <<Subpoena for Rule 2004 Examination (to Kasian Franks).PDF>>
>
> **Blanca F. Young | Munger, Tolles & Olson LLP**
> 560 Mission Street | San Francisco, CA 94105
> Tel: 415.512.4019 | Fax: 415.512.4077 | Blanca.Young@mto.com | www.mto.com
>
> ***NOTICE***
>
> *This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

--
Kasian Franks
Founder, CEO/CVO Mimvi, Inc.
M1: 510 552 2811
M2: 510 332 4612

**Young, Blanca**

| | |
|---|---|
| **From:** | gregcharles@gmail.com on behalf of Greg Charles [gcharles@campeaulaw.com] |
| **Sent:** | Tuesday, June 22, 2010 9:09 AM |
| **To:** | Young, Blanca |
| **Subject:** | Re: FW: June 22 deposition -- subpoena. |

Blanca

I have spoken to Mr. Franks regarding representation, but we have not finalized the details.

Gregory J. Charles, Esq.
Campeau Goodsell Smith
A Law Corporation
440 North 1st Street, Ste. 100
San Jose, California 95112

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.
Telephone: 408.295.9555
Mobile: 408.493.0363
Facsimile: 408.852.0233
gcharles@campeaulaw.com

On Mon, Jun 21, 2010 at 8:51 PM, Young, Blanca <Blanca.Young@mto.com> wrote:
> Greg,
>
> Please confirm that you are now representing Mr. Franks, as he indicated in his email below. I was surprised to receive this message at 7pm the day before Mr. Franks' deposition was scheduled to take place, given that we rescheduled for June 22 at his express request, and that he had ample time to line up counsel for his examination. It is obvious that Mr. Franks is doing everything he can to evade his 2004 examination. If the deposition does not go forward tomorrow we will immediately seek sanctions from Judge Efremsky and will raise the matter at the status conference this Thursday, June 24.
>
> Regards,
>
> Blanca

---

**From:** Kasian Franks [mailto:kasian.franks@gmail.com]
**Sent:** Monday, June 21, 2010 7:10 PM
**To:** Young, Blanca
**Subject:** Re: June 22 deposition -- subpoena.

Blanca, Greg Charles has agreed to represent me. Can we reschedule the deposition? He's not

available on June 22nd. Thanks.

On Tue, Jun 8, 2010 at 9:44 AM, Young, Blanca <Blanca.Young@mto.com> wrote:

> Mr. Franks,
>
> For the avoidance of doubt, attached is a new subpoena requiring your appearance for a deposition at our offices (560 Mission Street, 27th Floor, San Francisco CA) on June 22, 2010 at 9:00. The subpoena requires you to produce documents by June 16. This subpoena was served yesterday by mail.
>
> <<Subpoena for Rule 2004 Examination (to Kasian Franks).PDF>>
>
> **Blanca F. Young | Munger, Tolles & Olson LLP**
> 560 Mission Street | San Francisco, CA 94105
> Tel: 415.512.4019 | Fax: 415.512.4077 | Blanca.Young@mto.com | www.mto.com
>
> ***NOTICE***
>
> *This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

--
Kasian Franks
Founder, CEO/CVO Mimvi, Inc.
M1: 510 552 2811
M2: 510 332 4612