Barry Milgrom, State Bar No. 99961
LUCE, FORWARD,
HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
bmilgrom@luce.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

SEEQPOD, INC.,

    Debtor.

Case No. 09-52226 RLE
Chapter 7
Honorable Roger L. Efremsky

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO SELL ASSETS FREE AND CLEAR OF CLAIMS, LIENS AND INTERESTS, INCLUDING CLAIMS OF SUCCESSOR LIABILITY, AND TO PAY BREAK-UP FEE**

Date: August 25, 2010
Time: 10:30 a.m.
Place: 280 South First Street
Courtroom 3099
San Jose, CA 95113

TO THE DEBTOR, ALLEGED LIEN HOLDERS, PROSPECTIVE PURCHASERS, CREDITORS, KNOBBE MARTENS, OLSON & BEAR, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, INTERESTED PARTIES, WARNER BROTHERS RECORDS INC., ATLANTIC RECORDING CORPORATION, ELEKTRA ENTERTAINMENT GROUP INC., RHINO ENTERTAINMENT COMPANY, CAPITAL RECORDS, LLC, CAROLINE RECORDS, INC., VIRGIN RECORDS AMERICA, INC., COLGEMS-EMI MUSIC, INC., EMI APRIL MUSIC, INC., EMI BLACKWOOD MUSIC, EMI FEIST CATALOG, INC., EMI FULL KEEL MUSIC, EMI GOLDEN TORCH MUSIC CORPORATION, EMI GOLD HORIZON MUSIC CORPORATION, EMI GROVE PARK MUSIC, INC., EMI LONGITUDE MUSIC, EMI MILLER CATALOG INC., EMI ROBBINS CATALOG, INC., EMI VIRGIN MUSIC, INC., EMI VIRGIN SONGS, INC., EMI WATERFORD MUSIC, INC., JOBETE MUSIC CO. INC., SCREEN GEMS-EMI MUSIC INC., AND STONE DIAMOND MUSIC, AND THE U.S. TRUSTEE

/ / /

Mohamed Poonja, Trustee in Bankruptcy ("Trustee") of the estate of Seeqpod, Inc. ("Debtor"), files this Memorandum of Points and Authorities in support of his Motion for Order Authorizing the Trustee to Sell Assets Free and Clear of Claims, Liens and Interests, Including Claims of Successor Liability, and to Pay Break-Up Fee; and Notice of Overbidding Procedure ("Motion").

By this Motion, the Trustee requests authority to (1) sell the estate's right, title and interest in certain property of the estate ("Property"), consisting of intellectual property and technology, on an as-is, where-is basis, without representation or warranty of any kind, free and clear of claims, liens and interests, including claims of successor liability, to an anonymous bidder represented by Sedgwick, Detert, Moran & Arnold LLP ("Purchaser") for Eighty-Five Thousand Dollars ($85,000), subject to overbid, in accordance with the terms of the Asset Purchase Agreement ("APA"), a copy of which is attached as Exhibit 1 to the Poonja Declaration, and (2) pay a break-up fee to Purchaser, in the event that Purchaser is not the successful bidder at the overbid auction, consisting of five percent (5%) of the total purchase price, to be capped at the amount of actual legal fees and costs incurred, in addition to a return of costs paid to maintain intellectual property filings capped at an additional Four Thousand Dollars ($4,000). This sale is subject to overbid. A summary of the overbid procedure is set forth in the Notice of Sale and Hearing on Motion for Order Authorizing the Trustee to Sell Assets Free and Clear of Claims, Liens and Interests, Including Claims of Successor Liability, and to Pay Break-Up Fee; and Notice of Overbidding Procedure ("Notice"), served herewith.

## I. BACKGROUND

On or about January 18, 2008, Warner Brothers Records, Inc., Warner Brothers Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., Rhino Entertainment Company (collectively the "WMG Plaintiffs") commenced an action against the Debtor in the United States District Court for the Central District of California (the "WMG Action"). On or about February 20, 2009, Capital Records, LLC, Caroline Records, Inc., Virgin Records America, Inc., Colgems-EMI Music, Inc., EMI April Music, Inc., EMI Blackwood Music, EMI Feist Catalog, Inc., EMI Full Keel Music, EMI Golden Torch Music Corporation, EMI Gold Horizon

Music Corporation, EMI Grove Park Music, Inc., EMI Longitude Music, EMI Miller Catalog Inc., EMI Robbins Catalog Inc., EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Waterford Music, Inc., Jobete Music Co. Inc., Screen Gems-EMI Music Inc., and Stone Diamond Music (collectively the "EMI Plaintiffs") commenced an action against Debtor in the United States District Court for the Southern District of New York (the "EMI Action").

On March 30, 2009, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. The WMG Action and the EMI Action were stayed upon the Chapter 11 filing.

On April 6, 2009, the WMG Plaintiffs and the EMI Plaintiffs commenced an action against the Debtor in the United States Bankruptcy Court of the Northern District of California against Debtor seeking certain injunctive relief and other claims for relief (the "Bankruptcy Action"). Along with their complaint, the WMG and EMI Plaintiffs also filed an Emergency Motion for a Temporary Restraining Order. Neither the Debtor, nor the Trustee, has filed an answer to the complaint at this time, and the Bankruptcy Action remains pending. Herein, the WMG Action, EMI Action, and Bankruptcy Action are collectively referred to as the "Warner Brothers Litigation." The Trustee anticipates that the Bankruptcy Action will be dismissed following the sale provided for herein.

The Trustee performed a UCC lien and judgment search. A true copy of the search is attached as Exhibit A to the Declaration of Barry Milgrom, filed herewith. The only lien shown by the search is one in favor of a former law firm of the Debtor, Knobbe, Martens, Olson & Bear LLP ("Knobbe Firm"), which was recorded with the Delaware Secretary of State on or about December 16, 2008 ("Knobbe Lien"). The Trustee's counsel contacted the Knobbe Firm and determined that the lien secures a debt in the approximate amount of $23,000. Decl. of Barry Milgrom, ¶ 2. The Trustee is informed that, on or about October 17, 2005, the Debtor, as licensee, and the Regents of the University of California, as licensor ("UC Regents"), entered into a license agreement for a certain exploratory search engine and related network technology. The license was terminated by operation of law long ago. 11 U.S.C. § 365(d)(1).

Because much or all of the intellectual property being sold does not consist of issued patents, but patent applications, pending patents, trademark applications, together with other

proprietary information, the Trustee believed that it would be difficult to sell the Property without the assistance of a former officer, director, or employee of Debtor familiar with the Property, the market for it, and possible purchasers. The Trustee worked with Kasian Franks, the former Chief Executive Officer and largest shareholder of Debtor. He and the Trustee were the point people for contacting entities that formerly expressed interest in Debtor and its technology. Mr. Franks also worked on demonstrating the technology to potential purchasers, including the Purchaser.

The Property was also difficult to sell because of the pending Warner Brothers Litigation.

Pursuant to an order entered July 13, 2009, the Trustee engaged Pluritas, LLC, a company with expertise in assessing and marketing intellectual property and products. Pluritas was to make introductions to potential purchasers and assist the Trustee in connection with the sale. While the Trustee worked with Pluritas and provided all available information concerning the technology to Pluritas, Pluritas was unable to locate a potential buyer. Decl. of Mohamed Poonja, ¶ 2.

In addition to using the services of Mr. Franks and Pluritas, the Trustee and his professionals spoke to others in attempts to find potential purchasers for the technology. They obtained a lead and got in touch with Purchaser. Ultimately, Purchaser agreed to purchase the Property on the terms set forth in the APA.

The sale to Purchaser was negotiated at arms length and in good faith. To the best of the knowledge of the Trustee, proposed Purchaser has no connections to the Trustee or the Debtor. To the best of the knowledge of the Trustee, there was no fraud or collusion involved in connection with the proposed sale to Purchaser. To assure the good faith of the parties, the Trustee has made the sale subject to overbid and provided full notice to all of the creditors and parties in interest in the case. Decl. of Mohamed Poonja, ¶ 3.

The Trustee is informed and believes, based on the marketing efforts and the difficulty in finding a buyer, that the proposed sale price and proposed terms of sale, including overbid terms, are fair and in the best interests of the estate. Decl. of Mohamed Poonja, ¶ 4.

/ / /

/ / /

/ / /

## II. LEGAL ARGUMENT

### 1. The Trustee May Sell The Property Free And Clear Of The Liens, Claims, And Interests, Including Any Claims Based On Successor Liability.

The Trustee first notes that, other than the Knobbe Firm, no creditor or party in interest appears to assert any lien, claim, or interest in or to any or all of the Property. In an abundance of caution, and to assure the greatest possible notice, the Trustee has served <u>all</u> of the moving papers, not just a simple, short notice of hearing, on <u>all</u> of the creditors and parties in interest in this case. This will give all creditors and parties in interest an opportunity to assert liens, claims, or interest, if they so desire. Unless they do so, the Trustee does not intend to file adversary proceedings to deal with any asserted lien, claim, or interest. The Trustee asserts that he is authorized to sell in this manner as follows:

<u>Knobbe Firm</u> – Bankruptcy Code Section 363(f) allows for sale of assets free and clear of liens and interest where, among other things, the net proceeds to be generated from the sale are greater than the aggregate liens on the property being sold. In this case, the Knobbe Firm is owed roughly $23,000. The sales price is $85,000, subject to overbid. Therefore, a sale free and clear of the Knobbe lien is allowed. Moreover, the Trustee intends to pay the Knobbe Firm <u>in full</u> from the proceeds of sale.

<u>Warner Brothers Litigation</u> – To the best of the knowledge of the Trustee, none of the complaints in any of the Warner Brothers Litigation asserts ownership in, liens on, claims against and/or rights to any of the Property. Instead, the Warner Brothers Litigation involves alleged infringement of plaintiffs' intellectual property rights. The technology owned by Debtor cannot infringe by virtue of ownership. It is only the <u>use</u> of property that can ever cause infringement.

The Trustee has put Purchaser and Warner Brothers plaintiffs in contact, and the Trustee is informed that Warner Brothers plaintiffs are satisfied that the Purchaser is not an entity that will be infringing on their intellectual property rights.

Counsel for the various Warner Brothers plaintiffs agreed to accept service of the Motion on behalf of the plaintiffs. Decl. of Barry Milgrom, ¶ 3.

/ / /

UC Regents – The UC Regents licensed certain technology to Debtor. The Lease was rejected. 11 U.S.C. § 365(d)(1). The Trustee does not seek to transfer any rights under the license to Purchaser. The UC Regents are included in an abundance of caution and have been added to the list of those being served, in addition to all creditors.

Creditors And Those Shown On Schedules – As noted above, the Trustee has served the entire set of moving papers on all creditors and on the Debtor's entire mailing matrix, so that all parties will be bound.

**2. This Court Should Determine That Purchaser Is A Good Faith Purchaser In The Meaning Of 11 U.S.C. Section 363(m).**

To immunize a purchaser from the effect of reversing an order approving a sale, the Bankruptcy Court must determine that the purchaser purchased the property in good faith and for value. In re Ewell, 958 F.2d 276, 281 (9th Cir. 1989). The parties meet these requirements by showing that there was no collusion in the conduct of the sale and the purchase price was approximately equal to the fair market value of the Property "as is." Id. at 282.

Here, the Trustee made reasonable efforts to find qualified bidders for the Property. There was no collusion involved in the conduct of the sale. And the purchase price appears to be a fair one. Decl. of Mohamed Poonja, ¶ 5.

The fact that the Property will be sold at a price paid by an informed and willing buyer in an arms-length transaction per se establishes the market value. In re Two "S" Corporation, 875 F.2d 240 (9th Cir. 1989). Consequently, this Court should determine that the buyer is a good faith purchaser.

**3. The Break-Up Fee Is Fair And Reasonable.**

The APA provides for "a break-up fee to be paid to Purchaser in the event that Purchaser is not the successful bidder at the auction, consisting of 5% of the total purchase price, to be capped at the amount of actual legal fees and costs incurred." APA, ¶ 11. This is a fair and reasonable break-up fee under the circumstances. It should also be noted that the Purchaser has paid a $25,000 non-refundable deposit.

///

The APA also provides that Purchaser will be reimbursed costs to maintain intellectual property filings capped at an additional Four Thousand Dollars ($4,000). Purchaser paid these expenses to maintain the Property. These expenditures benefit the ultimate purchaser, whether Purchaser or an overbidder, and will be paid by the ultimate purchaser.

### 4. The Sale Is Subject To Overbid.

As set forth in the Notice, the sale is subject to overbid. The first overbid amount will be $100,000. Additional overbids will be in increments of at least $5,000. Overbidders must pre-qualify with the Trustee at least two business days prior to the auction/hearing. Because Purchaser has paid a $25,000 non-refundable deposit, overbidders will have to have their initial bid accompanied by a deposit of at least $25,000 in certified or wire-transferred funds (unless otherwise agreed by the Trustee). If overbidders come forward, the Trustee will provide additional and other terms for the overbid auction. The overbid auction will take place at the hearing on August 25, 2010 at 10:30 a.m.

### CONCLUSION

Based on the foregoing, the Trustee requests an Order authorizing the sale of the intellectual property of the estate to Purchaser, on the terms described above and in the APA, free and clear of liens, claims, and interests. The Trustee also requests a finding that Purchaser is a good-faith purchaser within the meaning of 11 U.S.C. Section 363(m). To the extent there is a successful overbidder, the Trustee requests authority to (1) consummate the sale to the successful overbidder, and (2) pay the break-up fee described above.

DATED: July 13, 2010         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
BARRY MILGROM
Counsel for Mohamed Poonja, Trustee in Bankruptcy

301177448.1

7
Case: 09-52226    Doc# 96    Filed: 07/16/10    Entered: 07/16/10 14:32:39    Page 7 of 7