GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
Blanca.Young@mto.com
SETH GOLDMAN (SBN 223428)
Seth.Goldman@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Creditors
WARNER BROS. RECORDS INC.,
ATLANTIC RECORDING
CORPORATION, ELEKTRA
ENTERTAINMENT GROUP INC., and
RHINO ENTERTAINMENT COMPANY

*[Additional parties and counsel on signature page]*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>　　SEEQPOD, INC.,<br><br>　　　　　Debtor. | Case No. 5:09-52226-RLE<br><br>Chapter 7<br><br>Honorable Roger L. Efremsky<br><br>**STATEMENT BY WARNER BROS. PARTIES AND EMI PARTIES IN RESPONSE TO MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL ASSETS FREE AND CLEAR OF CLAIMS, LIENS AND INTERESTS** |

Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., and Rhino Entertainment Company (collectively, "Warner"), and Capitol Records, LLC, Caroline Records, Inc., Virgin Records America, Inc., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Feist Catalog Inc., EMI Full Keel Music, EMI Golden Torch Music Corp., EMI Gold Horizon Music Corp., EMI Grove Park Music, Inc., EMI Longitude Music, EMI Miller Catalog Inc., EMI Robbins Catalog Inc., EMI U Catalog, Inc., EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Waterford Music, Inc., Jobete Music Co. Inc., Screen Gems-EMI Music Inc. and Stone Diamond Music (collectively, "EMI") all of whom are creditors and parties in interest in the above-captioned bankruptcy case, submit this statement in connection with the Motion of the Trustee for Order Authorizing the Trustee to Sell Assets Free and Clear of Claims, Liens and Interests (Dkt. No. 96):

## I. RESERVATION OF RIGHTS

1. As the Court is aware, EMI and Warner are parties to litigation with the Debtor concerning the Debtor's misuse and infringement of their copyrighted sound recordings and musical compositions. Because the Trustee was seeking to sell the Debtor's assets free and clear of liens, claims and encumbrances, including claims of EMI and Warner, and because of concern that a potential purchaser of the Debtor's assets would continue to use the Debtor's assets in an infringing manner, EMI and Warner asked to know the identity of potential purchasers of the Debtor's assets and the intended use of the assets. In connection with the Motion, the Trustee disclosed the identity of the purchaser proposed in the Motion (the "Proposed Purchaser") and EMI and Warner gained comfort regarding the identity of the Proposed Purchaser and the intended use of the assets. Accordingly, EMI and Warner do not oppose the sale to the Proposed Purchaser.

2. EMI and Warner, however, file this statement to reserve their rights as to any other bidders, who will not be identified until Monday, August 23 at the earliest. (See Overbid Terms in Notice of Hearing on the Motion, Dkt No. 97.) In particular, EMI and Warner reserve the right to know the identity of an alternative purchaser, to determine the intended use of the assets, and to object to the sale of assets free and clear of the claims of EMI and Warner. In this regard, EMI and Warner note that the Stipulation among the Chapter 7 Trustee, Warner and EMI entered on May 29, 2009 in Adv. Proc. No. 09-05095 (AP Dkt No. 72), permits EMI and Warner to ask the Court to consider the arguments raised in the preliminary injunction motion, which seeks to enjoin the infringing use of the Debtor's assets and the distribution or sale of those assets. (AP Dkt Nos. 54-67). Although Warner and EMI do not intend to pursue such relief with respect to the Proposed Purchaser, they reserve their rights as to any alternative purchasers.

3. Warner and EMI further note that, because the deadline to object to the sale occurs before alternative purchasers, if any, will be disclosed, they informed the Trustee that they would file this reservation of rights as to alternative purchasers.

## II. CLARIFICATION OF TRADEMARK SALE

4. EMI and Warner respectfully request that the Court clarify an ambiguity in the asset purchase agreement attached as Exhibit 1 to the Declaration of Mohamed Poonja in support of the Motion (the "APA"). Section 1.a of the APA provides that all trademarks are being sold, including those on Exhibit 1 to the APA, which refers to two trademark applications for "SEEQPOD." (APA § 1.a, Ex. 1.) Section 1.a, however, goes on to provide that the assets being sold "shall not include Excluded Assets;" and Section 1.b defines "Excluded Assets" to include the "Debtor's name." (APA §§ 1.a, b.) Thus, it is unclear whether the goodwill and marks associated with the name SeeqPod, i.e. the Debtor's name, are being

sold. Because SeeqPod is associated with illegal music downloading, Warner and EMI are concerned that following the sale, this ambiguity could result in the continued use of the name SeeqPod to attract internet users to infringing music websites.

5. Although Warner and EMI do not believe that the parties to the APA intend this result -- and that, rather, the APA parties intend that the goodwill and trademarks in SeeqPod be sold, Warner and EMI submit that the ambiguity should be clarified, so that there can be no basis for use of the unsold SeeqPod name following the sale of *all* of the Debtor's marks and *all* of the Debtors' goodwill. Warner and EMI therefore propose that the order approving the sale to the Proposed Purchaser should include the following provision: "All trademarks and goodwill in the name 'SeeqPod' are sold pursuant to the APA, notwithstanding anything to the contrary in the definition of "Excluded Assets" in APA § 1.b."

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 18, 2010 | Respectfully submitted, |
| 3 | | Munger, Tolles & Olson LLP |
| 4 | | |
| 5 | | By: /s/ Seth Goldman<br>SETH GOLDMAN |
| 6 | | |
| 7 | | Attorneys for<br>WARNER BROS. |
| 8 | | RECORDS INC., ATLANTIC RECORDING<br>CORPORATION, ELEKTRA ENTERTAINMENT |
| 9 | | GROUP INC., and RHINO ENTERTAINMENT<br>COMPANY |

| | |
|---|---|
| Dated: August 18, 2010 | Respectfully submitted,<br><br>PRYOR CASHMAN LLP<br><br>By:     /s/ *Frank Scibilia*<br>        FRANK SCIBILIA<br><br>PRYOR CASHMAN LLP<br>7 Time Square<br>New York, New York 10036<br>Telephone: (212) 421-4100<br>Facsimile: (212) 326-0806<br>DONALD S. ZAKARIN<br>dzakarin@pryorcashman.com<br>RICHARD LEVY, JR.<br>rlevy@pryorcashman.com<br>FRANK P. SCIBILIA<br>fscibilia@pryorcashman.com<br>*all admitted pro hac vice*<br><br>Attorneys for<br>CAPITOL RECORDS, LLC,<br>CAROLINE RECORDS, INC.,<br>VIRGIN RECORDS AMERICA, INC.,<br>COLGEMS-EMI MUSIC INC.,<br>EMI APRIL MUSIC INC.,<br>EMI BLACKWOOD MUSIC,<br>EMI FEIST CATALOG INC.,<br>EMI FULL KEEL MUSIC,<br>EMI GOLDEN TORCH MUSIC CORP.,<br>EMI GOLD HORIZON MUSIC CORP.,<br>EMI GROVE PARK MUSIC, INC.,<br>EMI LONGITUDE MUSIC,<br>EMI MILLER CATALOG INC.,<br>EMI ROBBINS CATALOG INC.,<br>EMI U CATALOG, INC.,<br>EMI VIRGIN MUSIC, INC.,<br>EMI VIRGIN SONGS, INC.,<br>EMI WATERFORD MUSIC, INC.,<br>JOBETE MUSIC CO. INC.,<br>SCREEN GEMS-EMI MUSIC INC. AND<br>STONE DIAMOND MUSIC |